UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

LAURA A. JURKOWSKI,

    Plaintiff,

v.

LOWE'S HOME CENTERS, LLC,
a Foreign Limited Liability Company

    Defendants,
_____/

## COMPLAINT

Plaintiff LAURA A. JURKOWSKI ("Plaintiff" or "Jurkoswski") sues defendant LOWE'S HOME CENTERS, LLC ("Defendant" or "Lowes"), and alleges:

### NATURE OF THE ACTION

1. This is an action by Plaintiff under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") and the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq*. ("FCRA"), to redress injury done to her by Defendant's discriminatory, harassing, and retaliatory treatment on the basis of sex.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 42 U.S.C. § 2000e *et seq*., and 28 U.S.C. §§ 1331, 1343(3) and (4) and 1367(a).

3. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391, because Defendant resides in this district, having its principal place

1

of business within this district; also, because Defendant is subject to the Court's personal jurisdiction with respect to the civil action at bar and because all or a substantial part of the events or omissions giving rise to this cause of action took place in this judicial district.

4. Plaintiff also invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida that are so related to claims in the action within the original jurisdiction of this district Court that they form part of the same case or controversy under Article III of the United States Constitution. Specifically, Plaintiff is bringing claims under the FCRA.

## PARTIES

5. Plaintiff at all times material was a resident of Sarasota County, Florida, who was employed by Defendant and, as a woman, she is a member of certain protected classes of persons.

6. At all times material to this Complaint, Plaintiff was an "employee" and "aggrieved person" as defined by 42 U.S.C. § 2000e(f); 42 U.S.C. § 12111(4); and Fla. Stat. § 760.02(10). Plaintiff specifically incorporates the definitions of "employee" and "aggrieved person."

7. At all times material, Defendant LOWE'S HOME CENTERS, LLC was a foreign limited liability company headquartered in Mooreville, NC and authorized to conduct business in the State of Florida, in Sarasota County, and within the jurisdiction of this Court.

8. At all times material, Defendant was an "employer" as defined by 42 USCS § 12111(5); 42 USC § 2000e(a) and (b); 42 U.S.C. § 12111(4); and Fla. Stat. § 760.02(7). Plaintiff specifically incorporates the definition of "employer."

9. At all times material, Defendant employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar

year.

## PROCEDURAL REQUIREMENTS

10. All conditions precedent to bringing this action have been fulfilled. Plaintiff dual-filed a Charge of Discrimination with the EEOC, and with the Florida Commission on Human Relations within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the complaints. On or about June 29, 2022, the U.S. Equal Employment Opportunity Commission, issued to Plaintiff a Dismissal and Notice of Rights with respect to such charge of discrimination. *See* **Composite Exhibit "A."**

## STATEMENT OF FACTS

11. Plaintiff was employed by Defendant as a paint department customer associate at Defendant's store located at 5750 Fruitville Road, Sarasota, FL 34232, from 2012 until her termination on November 2, 2021.

12. For much of her time with Defendant she did not have any substantial problems, but over the last year of her employment with Defendant Plaintiff was subjected to repeated harassment from co-workers, and members of management. When she reported the egregious actions taken against her she was terminated for being "disruptive to the company."

13. Plaintiff's ordeal began in November 2020, when a co-worker offered to look at her car before she took it to the shop for repairs.

14. While she was in the parking lot, Defendant's paint manage, Javier Garcia, saw her and asked what she was doing.

15. Plaintiff told him and subsequently asked Mr. Garcia for a ride to work, which he provided.

16. Just hours later Plaintiff began hearing rumors around the store of her dating her co-worker.

17. Plaintiff complained to assistant store manager Joe Stead that Mr Garcia was spreading rumors about her being involved with her co-worker, Mr. Stead said he would take care of it, but nothing was done.

18. In February 2021, Plaintiff was notified by another co-worker, Toussaint Thomas, that Mr. Garcia had been sharing nude pictures of Plaintiff, that he received from Plaintiff's ex-boyfriend, with Mr. Stead.

19. Plaintiff notified store manager, Mickey Rathers, of these actions to have an investigation conducted

20. Mr. Thomas subsequently notified Plaintiff, via text message, that the night shift manager, Jeremy Barnes, had boasted about the pictures of Plaintiff, and made vulgar comments about her for months.

21. Mr. Thomas also texted Plaintiff and notified her that "[Mr. Barnes] told me that when you took your car to [Mr. Garcia's] friend to get it fixed he took a pic of you sucking his dick and sent it to [Mr. Garcia]".

22. Plaintiff later met with the store manager and a human resources representative and expressed that she was afraid to return to work because of the situation.

23. Plaintiff ended up taking two weeks personal leave until the investigation was concluded.

24. At the conclusion of the investigation, Mr. Barnes was terminated, and other co-workers were reassigned.

25. In April 2021 Plaintiff returned to work but noticed that she was being treated differently by her co-workers, with some even commenting that Plaintiff got what she deserved, and that she was asking for it.

26. Mr. Garcia began lingering around Plaintiff's work area leering at Plaintiff with a smirk on his face.

27. In September 2021, Mr. Thomas asked Plaintiff on a date, which she respectfully declined.

28. Mr. Thomas subsequently approached Plaintiff and began to accuse and harass Plaintiff both in person and via text message.

29. This harassing behavior continued, and the severity increased.

30. Ultimately, Plaintiff sent a message to Mr. Thomas, saying, "I don't want to talk to you anymore. Leave me alone."

31. On, or about, September 26, 2021, Plaintiff notified Defendant's manager, Bree Weaver, that she was now being harassed by Mr. Thomas and expressed concern about his threatening and unpredictable behavior.

32. When Plaintiff got to work, Ms. Weaver approached and told her that she should expect a call from HR later that day, but they did not call.

33. During the late September of early October, Plaintiff met with managers, Bree Weaver, Ben Calloway, and Brian Reick.

34. Plaintiff discussed Mr. Thomas' behavior, but the managers suppressed her complaint and minimized her concerns.

35. The case against Mr. Thomas was subsequently closed, even though Mr. Thomas

was still sending harassing and intimidating messages to Plaintiff and harassing her in the aisle of the store.

36.    On, or about, October 18, 2021, Plaintiff took an approved leave of absence that she took due to the physical and emotional distress caused by the situation with Mr. Thomas.

37.    October 27, 2021, Plaintiff received a harassing text message from an anonymous number saying "How does it feel to be almost 40 and have the reputation of being a dumb slut? Lmao"

38. October 28, 2021, Plaintiff received the following messages,[1]

- "How much did you earn the first time you fucked for cash?",
- "Cus we both know with a face like yours, you fucked for cash?",
- "You have an ex-drug attic face",
- "Everything in the face looks disgusting and bloated. From your lips to your cheek bones.
- " I got to see you suck a Dick tho, so we're even now lol",
- "That vid was worth the stress. Only because I get to be the one to post it on the internet"

39.    On, or about, October 29, 2021, Plaintiff received a text message from Defendant saying that her approved personal leave was not supported by Lowes, even though she had confirmed it, and had been reassured that everything was good.

40.    On November 2, 2021, Plaintiff received a call from Mr. Reick who told her that she had been terminated because of the investigation, and that she would have to call HR to get

---

[1] The messages were sent anonymously, but Plaintiff believes the messages came from Mr. Thomas, based on his threatening and harassing messages that continue to the date of filing this Complaint.

the details.

41. Later that day, Plaintiff received a call from a member of Defendant's HR department who told her that her termination was due to inappropriate conduct and that the text messages that Plaintiff reported were disruptive to the company.

42. Once Plaintiff was terminated, the harassing texts from Mr. Thomas stopped.[2]

## COUNT I
## VIOLATION OF TITLE VII: DISCRIMINATION BASED ON SEX

43. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1- 42 above as if set out in full herein.

44. Plaintiff is a member of a protected class of women.

45. At all times material hereto, the Defendant failed to comply with Title VII [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's sex, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's sex, color, religion, sex, or national origin."

46. Plaintiff was repeatedly sexually harassed by several of Defendant's managers and

---

[2] Although the messages briefly stopped following Plaintiff's termination, Mr. Thomas resumed sending messages to harassing Plaintiff, and threating her life and those around her. Plaintiff has notified local and federal authorities of these threats and secured an order of protection.

employees as more fully described in paragraphs 11 - 42 of this Complaint.

47. The harassment made towards Plaintiff was because of her sex. Alternatively, Plaintiff's sex was a motivating factor in Plaintiff's sexual harassment.

48. This sexual harassment significantly changed the terms and conditions of Plaintiff's employment.

49. Defendant knew or should have known the sexual harassment towards Plaintiff but failed to appropriately act.

50. Actual knowledge of the sexual harassment by managers Javier Garcia and Jeremy Barnes of Plaintiff is also imputed on Defendant by virtue of their positions as a supervisor.

51. When Plaintiff turned down the advances of Mr. Thomas, he began to harass and intimidate her.

52. Even though notified Defendant's human resources and management. The Defendant failed to thoroughly investigate or intervene to prevent Plaintiff's sexual harassment and retaliated against Plaintiff.

53. As a direct and proximate result of the Defendant's failure to act to stop and prevent the sexual harassment of Plaintiff, she has suffered, and continues to suffer, loss of income, loss of enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation, and distress.

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor and against the Defendant as follows:

a) Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d) Award reinstatement;

e) Award Plaintiff prejudgment interest on her damages award;

f) Award Plaintiff reasonable costs and attorney's fees; and

g) Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT II
## VIOLATION OF TITLE VII: SEXUAL HARASSMENT HOSTILE WORK ENVIRONMENT

54. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1- 42 above as if set out in full herein.

55. As a woman Plaintiff is a member of a protected class.

56. Plaintiff was subjected to a barrage of unwanted sexual harassment and sexual advances as more fully described in paragraphs 11 - 42 of this Complaint.

57. The offensive and harassing conduct referred to in paragraphs 11 - 42 of this Complaint was offensive to Plaintiff and would be offensive to a reasonable person.

58. The harassment and unwarranted advances towards Plaintiff were based upon Plaintiff's sex. Alternatively, Plaintiff's sex was a motivating factor that caused Plaintiff's harassment.

59. As a result of the sexual harassment upon Plaintiff, the terms, conditions, and

privileges of Plaintiff's employment, were so perverse as to adversely alter the work environment and to create an abusive and hostile work environment.

60. The sexual harassment towards Plaintiff was done knowingly and intentionally, and in willful, wanton, and reckless disregard of Plaintiff's federally protected rights.

61. Defendant knew or should have known of the sexual harassment towards Plaintiff but failed to appropriately act.

62. Actual knowledge of the sexual harassment by managers Javier Garcia and Jeremy Barnes of Plaintiff is also imputed on Defendant by virtue of their positions as a supervisor.

63. As a direct and proximate result of the sexual harassment towards Plaintiff and the Defendant's inaction, Plaintiff has suffered, and continues to suffer, loss of income, loss of enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation and physical injuries and distress.

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor, and against the Defendant as follows:

    a) Enter judgment in Plaintiff's favor and against Defendant for its violations of TITLE VII;

    b) Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

    c) Reinstate full fringe benefits and seniority rights to Plaintiff.

    d) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

e) Award Plaintiff compensatory damages under the TITLE VII for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

f) Award Punitive damages according to proof;

g) Award Plaintiff prejudgment interest on her damages award;

h) Award Plaintiff reasonable costs and attorney's fees; and

i) Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT III
## VIOLATION OF TITLE VII: SEXUAL HARASSMENT RETALIATION

64. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1- 42 above as if set out in full herein.

65. As a woman Plaintiff is a member of a protected class.

66. Plaintiff was subjected to unwanted and unwelcome sexual harassment, and sexual advances.

67. The sexual harassment and the related retaliation against Plaintiff were based upon Plaintiff's sex. Alternatively, Plaintiff's sex was a motivating factor for Plaintiff's harassment, and Defendant's retaliation against her.

68. As more fully described in Paragraphs 11 – 42, Plaintiff was subjected to a continuing patter of sexual advances and harassment during her employment.

69. These advances were frequent and continuous for much of Plaintiff's employment.

70. When Plaintiff repeatedly reported the harassment, Defendant suppressed and minimized her complaints; and Plaintiff was eventually terminated.

71. At the time of the unlawful retaliation, Plaintiff satisfactorily performed the essential job functions assigned to her by Defendant.

72. Any alleged nonretaliatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment.

73. As a direct and proximate result of the retaliation against Plaintiff, she has suffered, and continues to suffer, loss of income, loss of enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation and physical injuries and distress.

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor, and against the Defendant as follows:

a) Enter judgment in Plaintiff's favor and against Defendant for its violations of TITLE VII;

b) Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

c) Reinstate full fringe benefits and seniority rights to Plaintiff.

d) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

e) Award Plaintiff compensatory damages under the TITLE VII for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

f) Award Punitive damages according to proof;

g) Award Plaintiff prejudgment interest on her damages award;

    h)  Award Plaintiff reasonable costs and attorney's fees; and

    i)  Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT IV
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760; DISCRIMINATION BASED ON SEX

74. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-42 above as if set out in full herein.

75. At all times material hereto, the Employer/Defendant failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states,

*"It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's sex,* color, *religion, sex, national origin, age, handicap, or marital status"*

76. Plaintiff is a member of a protected class under the FCRA, Sections 760.01-760.11, based on her sex (female).

77. Plaintiff was sexually harassed and subjected to unwanted advances as more fully described in paragraphs 11 - 42 of this Complaint.

78. The harassment and unwanted advances were made towards Plaintiff because of her sex. Alternatively, Plaintiff's sex was a motivating factor for her sexual harassment.

79. This sexual harassment significantly changed the terms and conditions of Plaintiff's employment.

80. Defendant knew or should have known of the sexual harassment towards Plaintiff but failed to appropriately act.

13

81. Actual knowledge of the sexual harassment by managers Javier Garcia and Jeremy Barnes of Plaintiff is also imputed on Defendant by virtue of their positions as a supervisor.

82. The Defendant failed to investigate or intervene to prevent Plaintiff's sexual harassment and retaliated against Plaintiff.

83. As a direct and proximate result of the Defendant's failure to act to stop and prevent the sexual harassment of Plaintiff, she has suffered, and continues to suffer, loss of income, loss of enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation, and distress.

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor and against the Defendant as follows:

    a) Enter judgment in Plaintiff's favor and against Defendant for damages;

    b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

    c) Award Plaintiff compensatory damages under the for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

    d) Award Plaintiff prejudgment interest on her damages award;

    e) Award any other compensation allowed by law, attorney's fees (448.104) and such other and further relief, as this Court deems equitable and just.

**COUNT V**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760;**
**SEXUAL HARASSMENT - HOSTILE WORK ENVIRONMENT**

84. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1- 42 above as if set out in full herein.

85. Plaintiff is a member of a protected class under the FCRA, Sections 760.01-760.11, based on her sex (female).

86. Plaintiff was subjected to unwanted sexual harassment and sexual advances, as more fully described in paragraphs 11 - 42 of this Complaint.

87. The offensive and harassing conduct referred to in paragraphs 11 - 42 of this Complaint was offensive to Plaintiff and would be offensive to a reasonable person.

88. Plaintiff's harassment was based upon Plaintiff's sex. Alternatively, Plaintiff's sex was a motivating factor for her harassment.

89. As a result of the sexual harassment upon Plaintiff, the terms, conditions, and privileges of Plaintiff's employment, were so perverse as to adversely alter the work environment and to create an abusive and hostile work environment.

90. The sexual harassment towards Plaintiff was done knowingly and intentionally, and in willful, wanton, and reckless disregard of Plaintiff's state and federally protected rights.

91. Defendant knew or should have known of the sexual harassment towards Plaintiff but failed to appropriately act.

92. Actual knowledge of the sexual harassment by managers Javier Garcia and Jeremy Barnes of Plaintiff is also imputed on Defendant by virtue of their positions as a supervisor.

93. As a direct and proximate result of the sexual harassment towards Plaintiff and the Defendant's inaction, Plaintiff has suffered, and continues to suffer, loss of income, loss of enjoyment

of life, emotional distress, pain and suffering, embarrassment, humiliation and physical injuries and distress.

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor and against the Defendant as follows:

a) Enter judgment in Plaintiff's favor and against Defendant for damages;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under the for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d) Award Plaintiff prejudgment interest on her damages award;

e) Award any other compensation allowed by law, attorney's fees (448.104) and such other and further relief, as this Court deems equitable and just.

### COUNT VI
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1922 CHAPTER 760: SEXUAL HARASSMENT - RETALIATION

94. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-42 above as if set out in full herein.

95. Plaintiff is a member of a protected class under the FCRA, Sections 760.01-760.11, based on her sex (female).

96. Plaintiff was subjected to unwanted and unwelcome sexual harassment, and sexual advances.

97. The sexual harassment and the related retaliation against Plaintiff were based upon

Plaintiff's sex. Alternatively, Plaintiff's sex was a motivating factor for Plaintiff's harassment, and Defendant's retaliation against her.

98. As more fully described in Paragraphs 11 – 42, Plaintiff was subjected to a continuing pattern of sexual advances and harassment during her employment.

99. These advances were frequent and continuous for much of Plaintiff's employment.

100. When Plaintiff repeatedly reported the harassment, Defendant suppressed and minimized her complaints; and Plaintiff was eventually terminated.

101. At the time of the unlawful retaliation, Plaintiff satisfactorily performed the essential job functions assigned to her by Defendant.

102. Any alleged nonretaliatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment.

103. As a direct and proximate result of the retaliation against Plaintiff, she has suffered, and continues to suffer, loss of income, loss of enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation and physical injuries and distress.

**WHEREFORE,** Plaintiff requests that this Court enter judgment in her favor and against the Defendant as follows:

a) Enter judgment in Plaintiff's favor and against Defendant for damages;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under the for embarrassment,

      anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d) Award Plaintiff prejudgment interest on her damages award;

e) Award any other compensation allowed by law, attorney's fees (448.104) and such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: July 20, 2022.

> Respectfully submitted,
> **s/Brandon Gibson**
> Brandon Gibson (FBN: 99411)
> E-mail: bgibson@rtrlaw.com
> REIFKIND, THOMPSON, & RUDZINSKI, LLP
> 3333 W. Commercial Blvd, Ste. 200
> Ft. Lauderdale, Florida 33309
> Telephone: (954) 370-5152
> Facsimile: (954) 370-1992
> *Counsel for Plaintiff(s)*